14-357-pr
Lugo v. LaValley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fifteen.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges*.
------------------------------------------------------------------------
MICHAEL LUGO,
                    *Petitioner-Appellant*,


             v.                                    No. 14-357-pr


THOMAS LaVALLEY, Superintendent of Clinton Correctional Facility, NEW YORK STATE ATTORNEY GENERAL,
                    *Respondents-Appellees*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        RANDOLPH Z. VOLKELL, ESQ., Merrick, New York.

APPEARING FOR APPELLEES:        PAUL B. LYONS, Assistant Attorney General (Barbara D. Underwood, Solicitor General; Nikki Kowalski, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 27, 2013, is AFFIRMED.

New York State prisoner Michael Lugo, who stands convicted after trial of burglary in the first degree and criminal possession of a weapon in the second degree, see N.Y. Penal Law §§ 140.30(4), 265.03(3), appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lugo contends that the district court erred in failing to conclude that the state courts unreasonably applied federal law in rejecting his claim of ineffective assistance of trial counsel. See Lugo v. LaValley, No. 13 Civ. 6125 (MAT), 2013 WL 6837184 (W.D.N.Y. Dec. 26, 2013). On June 3, 2014, a panel of this court granted Lugo a certificate of appealability and appointed counsel to pursue his appeal. See 28 U.S.C. § 2253(c). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Standard of Review

Although we review a habeas corpus denial de novo, see Vega v. Walsh, 669 F.3d 123, 126 (2d Cir. 2012), our review here is cabined by double layers of deference. See Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011); accord Burt v. Titlow, 134 S. Ct. 10, 13 (2013). The first level of deference is dictated by § 2254, which states that a federal court may grant a state prisoner habeas relief only if the state court's rejection of his claim (1) "was contrary to, or involved an unreasonable application of, clearly established

2

Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); see Burt v. Titlow, 134 S. Ct. at 15. Pursuant to that standard, we "may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" Vega v. Walsh, 669 F.3d at 126 (quoting Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011)).

Because Lugo's habeas claim is ineffective assistance of counsel, a second level of deference inheres in the well-established two-prong standard of review for such claims: (1) whether counsel's representation was objectively deficient, and (2) whether petitioner suffered ensuing prejudice. See Strickland v. Washington, 466 U.S. 668, 692–93 (1984); accord Jackson v. Conway, 763 F.3d 115, 152–53 (2d Cir. 2014). At the first step, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Strickland v. Washington, 466 U.S. at 689; accord Cullen v. Pinholster, 131 S. Ct. at 1403. At the second step, the inquiry is not whether counsel's error had "some conceivable effect on the outcome of the proceeding," but whether it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. at 686, 693; accord Cullen v. Pinholster, 131 S. Ct. at 1403.

3

2.    Application

Lugo claims that trial counsel rendered ineffective assistance during jury selection by failing to challenge prospective Juror 12 for cause. He argues that this juror, who had been one of his grade school teachers, had expressed sufficiently negative feelings about him during in-chambers questioning to require her exclusion from the jury for actual bias. Thus, Lugo claims that trial counsel's failure to join in the prosecutor's motion to strike the juror for cause manifested objectively deficient representation. The state court rejected this argument, and we cannot conclude that its decision was contrary to clearly established Supreme Court precedent.

The Supreme Court has consistently recognized that actions or omissions by counsel that "might be considered sound trial strategy" do not constitute ineffective assistance. Strickland v. Washington, 466 U.S. at 689 (internal quotation marks omitted); accord Jackson v. Conway, 763 F.3d at 154. Insofar as the state trial court concluded that defense counsel made a permissible strategic decision in retaining Juror 12, the question for a federal court on habeas review is not whether it would have made the same decision on direct review, but whether clearly established Supreme Court precedent precluded the state courts from reaching such a conclusion. See Harrington v. Richter, 131 S. Ct. at 785. In conducting that analysis here, we heed the Supreme Court's instruction that Strickland states a general rule, "so the range of reasonable applications [by state courts] is substantial." Id. at 788.

Here, the state court's finding of a strategic decision finds support in the record, both generally in counsel's vigorous participation in jury selection—successfully

4

challenging five jurors for cause and exercising peremptory challenges as to three jurors for whom counsel's challenges for cause were denied—and specifically in counsel's contemporaneous explanation that he wanted Juror 12 seated because he thought she was more likely than other jurors to render an impartial decision. A state court could reasonably conclude that when an actively engaged counsel makes such a determination, which necessarily depends on an assessment of juror demeanor and credibility, his decision is properly viewed as a permissible strategic choice. See Strickland v. Washington, 466 U.S. at 689 (describing petitioner's burden to overcome "presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . . Even the best criminal defense attorneys would not defend a particular client in the same way." (internal quotation marks omitted)); accord Jackson v. Conway, 763 F.3d at 154 (same); see generally United States v. Lathrop, 634 F.3d 931, 937–38 (7th Cir. 2011) (recognizing decisions to accept or strike potential jurors as strategic choices entitled to deference under Strickland v. Washington); Holder v. Palmer, 588 F.3d 328, 338–39 (6th Cir. 2009) (same); Neville v. Dretke, 423 F.3d 474, 482–83 (5th Cir. 2005) (same); cf. Wainwright v. Witt, 469 U.S. 412, 428 & n.9 (1985) (recognizing that trial judge's determination of juror bias depends on direct assessment of demeanor and credibility).

This conclusion is only reinforced by the trial court's determination that Juror 12 did not demonstrate bias warranting removal for cause. Such a determination, made after exploring the juror's negative recollections, balancing them against her present assurance of impartiality, and assessing her demeanor and credibility, can hardly be

5

deemed manifestly erroneous. See Skilling v. United States, 561 U.S. 358, 394–96 (2010) (holding that trial court's finding of juror impartiality may be overturned only for "manifest error" because deference to trial court is "at its pinnacle" when reviewing determinations of juror bias). Where a trial court thus identifies no actual juror bias, no clearly established Supreme Court precedent precludes it from recognizing defense counsel's decision not to challenge the juror as a permissible strategic choice.

Lugo submits that, even if Juror 12 was not actually biased, Supreme Court precedent supported her removal for implied bias based on their past relationship.[1] While the Supreme Court has recognized that a juror can be "conclusively presumed [biased] as a matter of law," United States v. Wood, 299 U.S. 123, 133 (1936) (rejecting contention that government employees are impliedly biased in all criminal cases), it has more recently stated that the general remedy for an allegation of juror bias is the opportunity to demonstrate actual bias, see Smith v. Phillips, 455 U.S. 209, 215–18, 223 (1982). Our court has interpreted Smith v. Phillips as retaining the concept of implied bias in "extreme situations," United States v. Torres, 128 F.3d 38, 46 (2d Cir. 1997) (citing Smith v. Phillips, 455 U.S. at 948 (O'Connor, *J.*, concurring)), which we have observed arises "mainly with jurors who are related to the parties or who were victims of the alleged crime itself," United States v. Greer, 285 F.3d 158, 172 (2d Cir. 2000) (internal quotation marks omitted). That is not this case. Moreover, Lugo cites no

---

[1] Respondents submit that this argument is procedurally defaulted for failure to exhaust it in state courts. While Lugo appears to have asserted implied bias in his original pro se motion to the state trial court, he does not appear to have exhausted the claim before state reviewing courts. We do not pursue the matter because, even if it were to be resolved in Lugo's favor, the argument fails for the reasons discussed in text.

6

Supreme Court precedent clearly establishing that such a conclusive presumption applies to a prospective juror who, many years prior, had served as the defendant's grade school teacher. See generally Treesh v. Bagley, 612 F.3d 424, 437 (6th Cir. 2010) (stating that "there is no Supreme Court precedent recognizing implied bias from a mere student-teacher relationship"). Nor does Lugo cite any precedent establishing that a juror with such a relationship to the defendant is challengeable for implied bias under N.Y. Crim. Proc. Law § 270.20(1)(c), which provides that a prospective juror is challengeable for cause if, inter alia, "he bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict." Thus, we identify no habeas error in the state courts' failure to recognize ineffective assistance of counsel on this ground. See Yarborough v. Alvarado, 541 U.S. 652, 664–65 (2004) (observing that broader Supreme Court rules permit broader range of permissible reasonable applications by state courts).

We have considered petitioner's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7